**Mark Ahlemeyer, OSB No. 095997**
**Assistant Federal Public Defender**
**Email: mark_ahlemeyer@fd.org**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel:    (503) 326-2123**
**Fax:    (503) 326-5524**

**Attorney for Defendant**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| UNITED STATES OF AMERICA, | Case No. 3:20-cr-00392-MO |
|---|---|
| Plaintiff, | DEFENDANT'S SENTENCING MEMORANDUM |
| v. | |
| DAKOTA MEANS, | |
| Defendant. | |

Defendant, Dakota Means, will appear before the Court on January 25, 2021, for sentencing upon his plea of guilty to one count of Misdemeanor Assault on a Federal Officer, in violation of 18 U.S.C. § 111(a). The parties will jointly recommend a sentence of 30 days' imprisonment, a one-year term of supervised release, and a $25 mandatory fee assessment.

FACTUAL BACKGROUND

Mr. Means is a 20-year-old young man who was in downtown Portland on October 24, 2020, to participate in the racial justice protests that were regularly happening there. In the early morning hours, he was with a group of friends at the Starbucks across the street from the Federal Courthouse. Surveillance video shows that Mr. Means began walking north past the courthouse on

his way to meet another friend who was walking south. Mr. Means was carrying a paintball gun, which he had found a few days earlier in the aftermath of a right-wing Proud Boys rally at the Portland waterfront. The victim in this case, a federal contractor walking to work at the courthouse, passed Mr. Means, apparently giving him a wide berth. Mr. Means and the victim both crossed the street toward the Courthouse at the same time, with the victim heading toward the entrance and Mr. Means heading to meet his friend, who was walking toward him on that side of the road. To the victim, who did not appear to see that Mr. Means was already in the process of crossing the road, it would have appeared that Mr. Means was following him.

In the subsequent moments, as the victim glanced over his shoulder multiple times at Mr. Means, Mr. Means made aggressive and threatening statements toward him. There is no audio on the surveillance video, and Mr. Means does not recall his exact words, but he acknowledges the threatening nature of his statements and takes full responsibility for them. He greatly regrets his impulsive statements toward the victim during that brief morning exchange.

## APPLICABLE LAW

Federal sentencing is premised on the "parsimony principle" articulated in 18 U.S.C. § 3553(a). *Dean v. United States*, 137 S. Ct. 1170, 1175 (2017). That principle dictates that a sentence be "sufficient, but not greater than necessary," to comply with the following purposes of sentencing:

- To reflect the seriousness of the offense;
- To afford adequate deterrence to criminal conduct;
- To protect the public from further crimes of the defendant; and
- To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

In arriving at a sentence that is sufficient but not greater than necessary, § 3553(a) also requires a court to consider the nature and circumstances of the offense, the history and characteristics of a defendant, the kinds of sentences available, and the sentencing range established by the advisory United States Sentencing Guidelines. 18 U.S.C. § 3553(a)(1), (3) - (7); *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *United States v. Booker*, 543 U.S. 220 (2005).

## RECOMMENDED SENTENCE

In the plea agreement, the parties anticipated and agreed to a guideline sentencing range of 0-6 months' imprisonment. The parties further agreed to jointly recommend a sentence of 30 days in custody, which Mr. Means had already served at the time of the change of plea.[1] However, the Presentence Report (PSR) calculated a range of 6-12 months instead, based on the application of a different guideline than the one the parties expected to apply. Mr. Means does not object to the calculations set forth in the PSR.

Nonetheless, the jointly recommended sentence is still warranted in this case. Mr. Means' conduct reflects youthful impulse control more than dangerous criminal thinking. Caught up in the moment after a night of protesting peacefully, Mr. Means made threatening statements to a federal officer that he greatly regrets. He apologizes to the victim and, to his credit, has used the time since his last release hearing to make necessary changes in his life. He has engaged with mental health services, found full-time employment, and moved back in with his wife and child. He and his wife are currently expecting a second child and they are saving money to move to a residence near

---

[1] As noted in the Presentence Report, Mr. Means has served a total of two months and one day in pretrial custody.

**PAGE 3.** DEFENDANT'S SENTENCING MEMORANDUM

family that will help support the young family. Mr. Means has not been involved in further protest activity since his arrest.

Mr. Means has served two months in custody for his actions. He is now on a far more productive path than he was before his arrest. A year of supervised release will ensure that he continues to receive needed counseling and continues to make the right decisions moving forward. The defense respectfully requests the Court follow the joint recommendation and sentence Mr. Means to 30 days' imprisonment with a one-year term of supervised release to follow.

Respectfully submitted this January 21, 2021.

*s/ Mark Ahlemeyer*
Mark Ahlemeyer
Attorney for Defendant
